# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3857NI

_____

United States of America,

   Appellee,

  v.

Ivy Nelson Fountain,

   Appellant.

\*
\*
\*
\*
\* On Appeal from the United
\* States District Court
\* for the Northern District of
\* Iowa.
\*
\*
\*

_____

Submitted: May 9, 2000

Filed: August 31, 2000

_____

Before RICHARD S. ARNOLD and HEANEY, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

The defendant, Ivy Nelson Fountain, was convicted of two counts of distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). At the sentencing hearing, the defendant claimed that he had provided substantial assistance to the government, and moved for a downward departure from the Sentencing Guidelines pursuant to U.S.S.G. §§ 5K1.1 and 5K2.0. The District

_____

[1]The Hon. Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

Court[2] denied the motion, reasoning that it did not have the ability to grant a downward departure for substantial assistance without a motion from the government. The Court sentenced the defendant to 360 months' imprisonment, the bottom of the Guidelines range.

The defendant argues that the District Court erred in holding that it could not grant a downward departure without a motion from the government. The defendant concedes that a departure pursuant to U.S.S.G. § 5K1.1 usually cannot be granted without a substantial-assistance motion from the government, but argues that a § 5K2.0 downward departure is different. The defendant reasons that "substantial assistance" is an unmentioned factor in § 5K2.0, and therefore, under Koon v. United States, 518 U.S. 81 (1996), substantial assistance could be grounds for a § 5K2.0 departure in an extraordinary circumstance. See In re Sealed Case, 149 F.3d 1198 (D.C. Cir. 1998), vacated, 181 F.3d 128 (D.C. Cir.) (en banc), cert. denied, 120 S. Ct. 453 (1999).

We decline to read Koon in this manner. Part K of the Sentencing Guidelines, which covers departures, contains two provisions. The first is "substantial assistance to authorities," and the second is "other grounds for departure." We believe that this clear division means that "substantial assistance" must be considered under the first part, and cannot be a ground for departure under the second. A defendant cannot avoid the § 5K1.1 government-motion requirement by moving for a departure based on substantial assistance pursuant to U.S.S.G. § 5K2.0. See United States v. Baker, 4 F.3d 622, 624 (8th Cir. 1993). We note that in declining to extend Koon so as to bring a substantial-assistance departure without a government motion within U.S.S.G. § 5K2.0, we agree with every other Circuit to consider the issue. See In re Sealed Case, 181 F.3d at 140-42; United States v. Alegria, 192 F.3d 179, 189 (1st Cir. 1999); United States v. Abuhouran, 161 F.3d 206, 213 (3d Cir. 1998), cert. denied, 526 U. S. 1077

---

[2]The Hon. Michael J. Melloy, United States District Judge for the Northern District of Iowa.

(1999); <u>United States v. Solis</u>, 169 F.3d 224, 227 (5th Cir.), <u>cert. denied</u>, 120 S. Ct. 112 (1999); <u>United States v. Cruz-Guerrero</u>, 194 F.3d 1029, 1032 (9th Cir. 1999).

We have considered the defendant's other contentions on appeal, and they have no merit.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.