# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3330

_____

United States of America,          *
                                     *

          Appellee,      *

                                     *   Appeal from the United States
          v.                   *   District Court for the
                                     *   District of Minnesota.

Michael James Hardy,        *

                                     *

          Appellant.     *

_____

Submitted: February 13, 2003

Filed: April 11, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Michael James Hardy pled guilty to possession of ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was sentenced to 180 months' imprisonment. Hardy asserts that he provided substantial assistance to the government pursuant to the terms of his plea agreement and that the government breached this agreement by refusing to move for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Thus, he argues, the district court[1] erred by

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

denying his requests for discovery, an evidentiary hearing, or specific performance. In the alternative, Hardy contends that the district court erred by refusing to depart downward pursuant to U.S.S.G. § 5K2.0. We affirm.

"Issues concerning the interpretation and enforcement of a plea agreement are issues of law, which we review de novo." United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.) (quoting United States v. Johnson, 241 F.3d 1049, 1053 (8th Cir. 2001)), cert. denied, 122 S. Ct. 2637 (2002). Here, the government agreed to move for a downward departure under U.S.S.G. § 5K1.1, U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b) if Hardy provided "substantial assistance." Substantial assistance was defined as "cooperation that leads to the prosecution, plea, or conviction of another individual for a criminal offense." The agreement also provided that "[t]he discretion to make a motion for a downward departure based on substantial assistance lies solely with the government."

"When the government expressly reserves discretion, we will perform only a limited review of the decision not to file a motion for downward departure for substantial assistance." Amezcua, 276 F.3d at 447 (citations omitted). The government's decision may be challenged only if the defendant makes a "substantial threshold showing" of prosecutorial discrimination, irrational conduct, or bad faith. Id. (quoting United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992); Wade v. United States, 504 U.S. 181, 186 (1992)); United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994). In the absence of such a showing, "a defendant is not entitled to any remedy or even an evidentiary hearing." Amezcua, 276 F.3d at 447 (citing Wade, 504 U.S. at 186).

Hardy does not allege that the government refused to file a downward departure motion for constitutionally impermissible reasons, such as race or religion. Rather, he contends that the government's refusal was both irrational and the product of bad faith. Hardy points out that he provided the government with information

regarding a fellow inmate who had escaped, as well as information about the inmate's girlfriend. These individuals were subsequently apprehended and pled guilty to various federal charges. Hardy contends that his cooperation led to these pleas, as he was an eyewitness to the escape and would have provided damaging testimony against the inmate and his girlfriend at trial. Thus, Hardy concludes, by the terms of the plea agreement, he has provided "substantial assistance."

During a hearing on Hardy's pre-sentencing motions, however, the government explained that the information supplied by Hardy was of little value. According to the government, the escapee was apprehended based on a tip from a neighbor, and the case against the escapee and his girlfriend was strong without Hardy's testimony. We see no irrationality in this explanation. Likewise, we see no indication of bad faith on the part of the government.

Hardy also contends that he had "shown a complete willingness to testify in a prosecution in the Western District of Wisconsin that was settled by a plea of guilty." This bare assertion does not constitute a "substantial threshold showing" of improper conduct by the government. Because Hardy failed to make such a showing, the district court did not err by denying his requests for discovery, an evidentiary hearing, or specific performance. Nor did the court err by denying Hardy's motion for a downward departure pursuant to U.S.S.G. § 5K2.0. United States v. Fountain, 223 F.3d 927, 928 (8th Cir. 2000) ("A defendant cannot avoid the § 5K1.1 government-motion requirement by moving for a departure based on substantial assistance pursuant to U.S.S.G. § 5K2.0." (citation omitted)); see also United States v. Wolf, 270 F.3d 1188, 1192 n.4 (8th Cir. 2001) ("To dispel potential confusion, we point out that substantial assistance must be considered under § 5K1.1 and cannot serve as a ground for departure under § 5K2.0." (citing Fountain, 223 F.3d at 928)).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.