# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2670

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Robert Maurice Dale, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 11, 2003

Filed:  June 4, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Maurice Dale pled guilty to one count of possession with intent to distribute five grams or more of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and 860, and was sentenced to sixty-three months' imprisonment.  Dale asserts that he provided substantial assistance to the government and that the government's refusal to file a substantial-assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 was

irrational and in bad faith. Thus, he argues, the district court[1] erred by "declining to compel the government to file a substantial assistance motion." We affirm.

Dale and the government entered into a non-cooperation plea agreement, wherein Dale acknowledged that "because he ha[d] not provided substantial assistance, he [was] not . . . entitled to any sentence reduction under 18 U.S.C. § 3553(e) or USSG § 5K1.1." Shortly before his plea hearing, Dale agreed to cooperate. He signed a proffer agreement, which provided, in part, that:

> During the proffer session(s), [Dale] [will] provide information in narrative form and [will] answer all questions asked of him. The information [will] then be used to assist [the government] in determining what, if any, consideration should be afforded [Dale] in exchange for [his] agreement to be interviewed further, testify, or provide other cooperation at a later date.

During Dale's debriefing with the government, he refused to provide information about anyone other than his co-defendant, Mark Hopper. Dale indicated that Hopper was not his only source of crack cocaine, but would not name his other sources. Dale also refused to identify his crack cocaine customers.

Dale then testified as a government witness at Hopper's trial. During cross-examination, Dale asserted his Fifth Amendment right to remain silent and refused to answer questions about his other sources of crack cocaine and his previous crack cocaine dealings. The jury subsequently acquitted Hopper of the drug charges against him.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation in the Northern District of Iowa.

During his sentencing hearing, Dale challenged the government's failure to file a substantial-assistance motion. Dale asserted that he had given "full evidence" as to Hopper before the grand jury and at Hopper's trial. The district court rejected Dale's argument, concluding that it had no basis upon which to compel the government to file the motion.

We review <u>de novo</u> issues relating to the interpretation and enforcement of a defendant's agreement to cooperate with the government. <u>See</u> <u>United States v. Hardy</u>, 325 F.3d 994, 995 (8th Cir. 2003). When the agreement preserves the government's discretion to decide whether to file a substantial-assistance motion, we will perform only a limited review of the government's decision not to do so. <u>United States v. Anzalone</u>, 148 F.3d 940, 941, <u>vacated and reh'g en banc granted</u>, 148 F.3d 940, <u>reinstated and reh'g en banc denied</u>, 161 F.3d 1125 (8th Cir. 1998); <u>Hardy</u>, 325 F.3d at 996. "The government's decision may be challenged only if the defendant makes a 'substantial threshold showing' of prosecutorial discrimination, irrational conduct, or bad faith." <u>Hardy</u>, 325 F.3d at 996 (citations omitted). "In the absence of such a showing, 'a defendant is not entitled to any remedy or even an evidentiary hearing.'" <u>Id.</u> (citations omitted).

Dale asserts that the government accepted his offer of limited assistance as a condition of his cooperation. During Dale's sentencing hearing, the government explained that after his debriefing session, Dale was advised that his refusal to provide additional information "was going to be a problem," but that the government "would move forward with the case and see if he ultimately provided substantial assistance with those limitations." Citing this language, Dale argues that "[i]t is inconsistent, and therefore irrational, for the government to both accept a condition and then penalize its exercise." The government's explanation, however, simply indicates that it was not closing the door on a substantial-assistance motion, despite Dale's failure to "answer all questions asked of him," as required by the proffer agreement. We therefore agree with the government that its "mere acknowledgment

of [Dale's] self-imposed and problematic limitations on his cooperation cannot be equated with some agreement by the government to ignore the shortfalls in [Dale's] information."

The government explains that it refused to file a substantial-assistance motion because Dale was not willing to disclose the full scope of his drug dealings. We see no irrationality in this explanation. See United States v. Licona-Lopez, 163 F.3d 1040, 1042 (8th Cir. 1998) ("Refusing to file a motion for a defendant who has not been completely truthful with authorities advances the legitimate governmental interest in providing an incentive for defendants to cooperate fully."). Likewise, we see nothing in the record suggesting prosecutorial discrimination or bad faith. Accordingly, the district court did not err by refusing to compel the government to file a substantial-assistance motion.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.