# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3113
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| James Thornton, | * | |
| | * | |
| Appellant. | * | |

Appeals from the United States
District Court for the Southern
District of Iowa.

_____

No. 03-3393
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Herbert Thornton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 11, 2004

Filed:  May 17, 2004
_____

Before MURPHY and FAGG, Circuit Judges, and GOLDBERG,[*] Judge of the United States Court of International Trade.

_____

FAGG, Circuit Judge.

After brothers James and Herbert Thornton sold cocaine base to an undercover agent several times, the Government charged them with drug crimes. James pleaded guilty to the conspiracy charge and agreed to cooperate against Herbert. At James's sentencing, the district court[**] denied his motion for a downward departure based on his cooperation, found he was a career offender, and sentenced him to 262 months in prison. Herbert stood trial and a jury convicted him of multiple counts. In this consolidated appeal, James challenges his sentence and Herbert challenges his conviction.

James argues the district court should have held a hearing on whether the Government acted in bad faith in refusing to make a motion for a downward departure based on his cooperation. James's plea agreement stated the Government, in its sole discretion, might file a motion requesting a departure if the Government concluded James provided substantial assistance in the investigation or prosecution of other criminals. Because the Government expressly reserved its discretion to file the motion, we perform only a limited review. United States v. Hardy, 325 F.3d 994, 995 (8th Cir. 2003). To challenge the Government's refusal, James had to make a substantial threshold showing of prosecutorial discrimination, irrational conduct, or bad faith. Id. If James did not make this threshold showing, he was not entitled to an evidentiary hearing. Id.

_____

[*]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[**]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

We agree with the district court that James did not make a substantial threshold showing of bad faith by the Government. James submitted no evidence of a punitive intent. See United States v. Wolf, 270 F.3d 1188, 1190-91 (8th Cir. 2001). Unlike the situation in United States v. Rounsavall, 128 F.3d 665, 668-69 (8th Cir. 1997), James did not testify against his brother and James's plea agreement did not specify what was required to earn a Government motion. Further, the Government had good reasons for not using James as a witness. The Government's decision not to use James's testimony at trial was partially tactical, but primarily based on the fact his testimony was unnecessary given the strength of the case against Herbert. Because James failed to make the necessary threshold showing of bad faith on the part of the Government, the district court did not abuse its discretion in denying his request for an evidentiary hearing.

James also asserts the district court erroneously found he was a career offender U.S.S.G. § 4B1.1(a). A defendant is a career offender under § 4B1.1(a) if, among other things, the defendant has at least two earlier felony convictions of either a crime of violence or a controlled substance offense. "Crime of violence" means any federal or state offense punishable by imprisonment for a term exceeding one year that "(1) has as an element the use, attempted use, or threatened use of physical force" against another person, or "(2) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of injury to another." U.S.S.G. § 4B1.2(a). An earlier felony conviction means an earlier adult federal or state conviction for an offense punishable by imprisonment for a term exceeding one year, regardless of whether the offense is specifically designated as a felony and regardless of the actual sentence imposed. Id. n.1.

The district court found James had two earlier convictions for crimes of violence: a 1991 conviction and a 1986 conviction. James admits he conceded at sentencing the 1986 conviction was a crime of violence, so we decline to consider his belated arguments regarding that conviction. As for the 1991 conviction, James

contends he was convicted of first-degree theft rather than robbery, and because the elements of theft do not include the use of force against another person, see Iowa Code § 714.2(1), it was not a crime of violence within the meaning of the guideline. At the sentencing hearing, the Government submitted certified copies of paperwork related to the 1991 conviction. The Government noted:

> the complaint and affidavit for the robbery second charged notes in the affidavit portion that Mr. Thornton did commit robbery in the second-degree against another when he grabbed the victim by the throat and took the victim's wallet from the victim's pants. The trial information says that Mr. Thornton did, with intent to commit a theft, assault Calvin Brown and take from his person a wallet containing five dollars cash, driver's license, and other personal items, in violation of section 711.3 The trial information does charge Mr. Thornton with robbery second degree, and 711.3 is the code section for robbery under the Iowa Code.

The district court admitted the exhibits, with no objection from the defense. James now points out that although the underlying complaint and affidavit indicate he was charged with robbery, the presentence report shows the conviction as first-degree theft, with a citation to the code section for robbery, Iowa Code § 711.3.

A robbery conviction clearly constitutes a crime of violence under U.S.S.G. § 4B1.2 n.1. Even if the offense described in the presentence report was ultimately pleaded down to first-degree theft, however, the district court correctly counted the conviction as a crime of violence because of the underlying factual scenario– conduct presenting a serious potential risk of physical injury to another. See U.S.S.G. § 4B1.2(a)(2); United States v. Johnson, 326 F.3d 934, 936-37 (8th Cir. 2003) (theft from a person is a crime of violence within meaning of U.S.S.G. § 4B1.2(a); United States v. Newton, 259 F.3d 964, 968 (8th Cir. 2001) (examining uncontested facts to decide that conviction was for crime of violence for purpose of § 4B1.2(a)(2)). Because the 1991 offense was a crime of violence, the district court correctly decided James was a career offender under § 4B1.1.

Herbert contends only that the evidence was insufficient to convict him. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find Herbert guilty beyond a reasonable doubt. United States v. Espino, 317 F.3d 788, 792 (8th Cir. 2003). First, the evidence showed Herbert conspired with James to distribute cocaine base. Herbert argues his mere association with James is insufficient to establish a conspiracy. The evidence shows, however, that Herbert played a direct and often controlling role in the conspiracy. Regarding his conviction for distribution of cocaine base, Herbert contends the Government failed to show he knowingly sold the drug. The evidence showed Herbert was familiar with cocaine base as a user, and he knew the bag he gave to the undercover officer contained cocaine base because the bag was clear. As for his conviction for attempting to distribute cocaine base, Thornton argues he abandoned the attempt. A reasonable jury could conclude, however, that Herbert simply tried to relocate the transaction for completion elsewhere and was arrested before the relocation. With respect to his conviction for possession with intent to distribute cocaine base, Thornton contends he was guilty of mere physical proximity to the drug. Evidence of Thornton's role, conduct, and comments at the time showed his constructive possession of the crack cocaine, knowledge and ownership, dominion or control, and intent to distribute.

We thus affirm James Thornton's sentence and Herbert Thornton's conviction.

_____