**UNITED STATES of America,**
**Appellee,**

v.

**Cinda Clare MULLINS, Appellant.**

No. 04–2776.

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 13, 2004.

Filed: March 3, 2005.

Patrick T. Parry, Sioux City, IA, for appellant.

John H. Lammers, AUSA, Sioux City, IA, for appellee.

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

RILEY, Circuit Judge.

Cinda Clare Mullins (Mullins) pled guilty, without a plea agreement, to conspiracy to manufacture and distribute 500 grams or more of methamphetamine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, and 860(a). Applying the United States Sentencing Guidelines (Guidelines), the district court[1] determined Mullins's sentencing range was 78 to 97 months in prison, based on Mullins's criminal history category of III and a total offense level of 26. However, the district court sentenced Mullins to 120 months in prison, the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Mullins appeals, arguing the district court abused its discretion by denying Mullins's motion for an evidentiary hearing on her motion to compel the government to make a substantial assistance departure motion. We affirm.

## I. BACKGROUND

At her sentencing hearing, Mullins testified she gave the government names; showed officers businesses, houses, and people associated with illegal narcotics; and "did everything I could possibly do." Mullins further testified she repeatedly telephoned officers, but they never returned her phone calls. She believes officers used her information to apprehend some people and used her information in their cases. However, Mullins never testified before a grand jury, never testified in any contested sentencing hearings, and never purchased drugs for the government. Mullins is unable to name any person the government charged or held using her information. Mullins contends the government acted irrationally and in bad faith, because she took every affirmative step she could think of to assist the government. The government, relying on its discretion, maintains it was under no duty to move for a downward departure because Mullins did not provide substantial assistance.

## II. DISCUSSION

Before a district court may depart below a statutory mandatory minimum sentence to reflect a defendant's substantial assistance, the government first must make a motion requesting the court impose a sentence below the mandatory minimum. *Melendez v. United States*, 518 U.S. 120, 125–26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996) (citing 18 U.S.C. § 3553(e)). Both 18 U.S.C. § 3553(e) ("[u]pon motion of the government") and section 5K1.1 of the Guidelines (same) give the government the power, but not the duty, to make a substantial assistance motion. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). "[T]he government has no duty to make [a substantial assistance] motion unless it has entered into a plea agreement

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

with the defendant that creates such a duty." *United States v. Wolf*, 270 F.3d 1188, 1190 (8th Cir.2001). Here, Mullins pled guilty without a plea agreement, and the government never promised it would move for a downward departure. Therefore, the government retained its discretion to decline to make a substantial assistance motion.

█ The government's discretion to refuse to make a substantial assistance motion "is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185, 112 S.Ct. 1840. A district court may review the government's refusal to make a substantial assistance motion under section 3553(e) or section 5K1.1, if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest. *Id.* at 185–87, 112 S.Ct. 1840. To obtain an evidentiary hearing, a defendant must make a "substantial threshold showing" that the government's refusal to make a substantial assistance motion was premised on an improper motive. *Id.* at 186, 112 S.Ct. 1840. "In the absence of such a showing, a defendant is not entitled to any remedy or even an evidentiary hearing." *United States v. Hardy*, 325 F.3d 994, 996 (8th Cir.2003) (citations omitted).

█ Mullins's testimony at her sentencing hearing merely demonstrates (1) she provided information concerning drug activities; (2) she was willing to provide continued assistance; and (3) she disagrees with the government's assessment of the extent to which her information assisted the government. Even crediting her version of assistance, Mullins's assertions do not support any inference the government acted unconstitutionally or irrationally in refusing to move for a downward departure based on substantial assistance. A defendant's bare assertions of assistance do not constitute a "substantial threshold showing" of improper conduct by the government. *See Wade*, 504 U.S. at 186, 112 S.Ct. 1840 (holding neither "a claim that a defendant merely provided substantial assistance" nor "additional but generalized allegations of improper motive" is sufficient to merit an evidentiary hearing). Because Mullins failed to make a "substantial threshold showing," the district court correctly concluded it lacked authority to conduct an evidentiary hearing.

## III. CONCLUSION

We affirm the district court's judgment.[2]

---

**2.** We note Mullins did not challenge her sentence based on the Supreme Court's recent decision in *United States v. Booker*, —— U.S. ——, ————, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005) (holding mandatory application of the Guidelines is unconstitutional, and the Guidelines are now "effectively advisory"). Therefore, Mullins has waived any Sixth Amendment argument on appeal. Even if Mullins had preserved a *Booker* challenge on appeal, the holdings in *Booker* are of no avail to Mullins, because the district court imposed Mullins's sentence based on a statutorily mandated minimum sentence, and not on sentencing enhancements. *See United States v. Vieth*, 397 F.3d 615, 619 (8th Cir. 2005) (holding defendant was not entitled to resentencing because his "sentence was not determined based upon an application of the federal sentencing guidelines, but rather based upon the mandatory minimum sentence set forth in the governing criminal statute").