# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4224

———————

United States of America,     *
                   *
        Plaintiff - Appellee,     *
                   *   Appeal from the United States
    v.                   *   District Court for the
                   *   Southern District of Iowa.
Christopher Allen Landis,     *
                   *       [UNPUBLISHED]
        Defendant - Appellant.     *

———————

Submitted: February 16, 2007
Filed:  February 23, 2007

———————

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Christopher Allen Landis pled guilty to conspiring to distribute methamphetamine, see 21 U.S.C. §§ 841 (b)(1)(A), 846 (2000), and carrying a firearm in relation to a drug offense, see 18 U.S.C. § 924(c)(1)(A)(i) (2000). At sentencing, the government moved for a reduction in sentence of twelve months based on Landis's substantial assistance. However, the district court[1] granted a twenty-five month reduction and sentenced Landis to 156 months imprisonment. Landis appeals the district court's order denying his request for an evidentiary hearing on his motion to

—————————

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

compel the government to move, pursuant to Federal Rule of Criminal Procedure 35(b), for an additional sentence reduction based on Landis's substantial assistance. We affirm.

On July 19, 2002, Landis entered into a plea agreement, which provides in part that:

> The United States makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

The agreement further states that:

> The decision to file a motion for departure will be in the sole discretion of the United States Attorney. The Defendant understands that the United States Attorney will decide whether the Defendant has performed substantial assistance sufficient to warrant such a motion. A proffer interview or a debriefing statement does not necessarily constitute substantial assistance to the United States. The Defendant further understands that if a motion is filed, the Court will decide whether the Defendant has performed substantial assistance and, if so, the amount of reduction in sentence that is to be granted.

At the sentencing hearing, attorney Michael Levy represented Landis. Following his sentencing, Landis, believing that Levy continued to represent him, communicated with Levy allegedly with regard to Landis's assistance to the government concerning an individual named Alberto Torres. Later, Landis learned that Levy had represented Torres. However, Levy disputes that he represented Landis and Torres concurrently. Levy further denies that he received information from Landis regarding Torres while serving as Torres' attorney.

-2-

On appeal, Landis contends that he is entitled to an evidentiary hearing on his motion to compel the government to move for an additional sentence reduction based on his substantial assistance. In order for Landis to obtain an evidentiary hearing, he must make a substantial threshold showing that the government's refusal to move for an additional sentence reduction was irrational or based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Mullins, 399 F.3d 888, 890 (8th Cir. 2005). Absent this showing, Landis "is not entitled to any remedy or even an evidentiary hearing." Mullins, 399 F.3d at 890 (quoting United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003) (citations omitted)).

In an effort to show bad faith or irrationality on the government's part, Landis claims that, prior to entering into the plea agreement, Alcohol, Tobacco and Firearms ("ATF") Special Agent Mickey Leadingham promised Landis that he would receive a 50% reduction in sentence for his substantial assistance. However, the plea agreement Landis subsequently executed is to the contrary. There, Landis acknowledged that the government had made no promise to him regarding his sentence. Further, although the plea agreement required the government to consider the nature and value of any cooperation Landis provided, it did not obligate the government to seek a reduction in sentence. Moreover, the agreement acknowledged that, even where the government moved for a reduction in sentence, it could not guarantee a specific sentence reduction because the sentencing court determines the reduction amount. At sentencing, the district court asked Landis if it should consider any additional information, and Landis's statement to the court does not reference Agent Leadingham or his alleged promise. Finally, the government did, in fact, move for a sentence reduction based on Landis's substantial assistance, and the district court exceeded the reduction recommended by the government.

Landis also contends that Agent Leadingham made post-sentencing representations that information Landis provided both pre- and post-sentencing had become "valuable," resulting in three convictions in Nebraska. The government

-3-

investigated this assertion, contacting numerous assistant United States attorneys in the District of Nebraska, ATF agents, including Agent Leadingham, and at least one state prosecutor. However, the government determined that Landis had not provided substantial assistance warranting an additional motion for sentence reduction.

Finally, Landis suggests that attorney Levy's alleged conflict of interest demonstrates Landis's entitlement to an evidentiary hearing. However, Landis provides no authority supporting this proposition, and we find none. To the extent Landis contends that he received ineffective assistance of counsel, such a claim is normally cognizable in a properly filed 28 U.S.C. § 2255 action. See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006). Accordingly, we decline to address the merits of Landis's ineffective-assistance claim in this appeal.

We find that Landis's allegations do not amount to a substantial threshold showing that the government acted irrationally or in bad faith in determining not to file an additional substantial assistance motion. Because Landis did not make the requisite showing, the district court did not err in denying his request for an evidentiary hearing. See Wade, 504 U.S. at 186; Mullins, 399 F.3d at 890.

We affirm the district court's judgment.

_____