# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1775

_____

United States of America,         *
                                 *

        Appellee,        *
                                 *   Appeal from the United States

     v.              *   District Court for the
                                 *   District of Nebraska.

William D. Lamb,        *     [UNPUBLISHED]
                                 *

        Appellant.      *

_____

Submitted: March 7, 2007
Filed: March 12, 2007

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Following his guilty plea, William D. Lamb was convicted of one count of conspiracy to distribute 500 or more grams of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. The district court[1] imposed a sentence of 312 months in prison, to be followed by five years of supervised release. On appeal, Lamb challenges the district court's denial of his motion to compel the government to file a substantial-assistance sentence-reduction motion and further argues that the court erred in imposing a sentence within his advisory Guidelines range. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Lamb's plea agreement did not include any language regarding Lamb's potential cooperation, and the parties confirmed at Lamb's guilty plea hearing that his cooperation was not anticipated as a part of the bargain. While Lamb complains that he was not credited for his pre-indictment assistance, he admits that he provided that assistance as part of a prior non-prosecution agreement, the terms of which he violated. The government's refusal to move for a substantial assistance departure was not unconstitutional, and thus the court's refusal to compel that motion was appropriate. See United States v. Mullins, 399 F.3d 888, 890 (8th Cir. 2005) (where plea agreement does not require government to file substantial assistance motion, district court may intervene only if government's refusal to make such motion was based on unconstitutional motive, such as unlawful discrimination or other action not rationally related to legitimate governmental interest). Moreover, Lamb directs us to nothing in the record to support his claim that the district court did not recognize its sentencing discretion or that his Guidelines sentence was unreasonable. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (sentence is unreasonable if it appears district court gave significant weight to improper factor, failed to fully consider appropriate factor, or otherwise made clear error of judgment). Independently reviewing the entirety of the record, we are satisfied the court understood that the Guidelines were advisory and properly considered the factors enumerated in 18 U.S.C. § 3553(a) in fashioning its sentence.

Accordingly, we affirm.

_____