# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2020

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Desseray Monique Wright, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2007
Filed: August 10, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Desseray Wright pleaded guilty to conspiracy to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and to possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court[1] sentenced Wright to consecutive 60-month prison terms on each count (the statutory minimum sentences), to be followed by concurrent 4-year terms of supervised release. Wright appeals, and her counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

voluntariness of the plea, the government's refusal to move for a downward departure, and counsel's performance during plea and sentencing proceedings. For the reasons that follow, we affirm.

Wright cannot prevail on a claim that her plea was involuntary in light of her belief that her sentence would be shorter, because she did not move in the district court to withdraw her guilty plea. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea was involuntary must be presented to district court and is not cognizable on direct appeal). In addition, the government's decision not to file a motion for a downward departure may be challenged only if the defendant makes a substantial threshold showing of prosecutorial discrimination, irrational conduct, or bad faith, see United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003), and Wright made no such showing. Finally, Wright needs to pursue any ineffective-assistance claims in a proceeding under 28 U.S.C. § 2255. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no other non-frivolous issues for appeal.

Accordingly, we affirm.

_____