# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1429

_____

| | |
|---|---|
| United States, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Eastern |
| | *   District of Arkansas. |
| Arizona Logan, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 20, 2007
Filed: December 21, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arizona Logan challenges the 136-month prison sentence the district court[1] imposed after he pleaded guilty to committing armed bank robbery and assaulting bank employees with a dangerous weapon during its commission, in violation of 18 U.S.C. § 2113(a), (d) (twenty-five-year maximum prison term). At sentencing, the district court granted the government's motion for an acceptance-of-responsibility reduction, determined an advisory Guidelines range of 121-151 months, and – after stating that it had considered all of the 18 U.S.C. § 3553(a) factors and noting Logan's

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

history of substance abuse – imposed the 136-month prison sentence, 5 years of supervised release, and mandatory restitution of $23,175, representing the unrecovered portion of the robbery proceeds. On appeal, Logan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw and suggesting that the government should have moved for a substantial-assistance departure in light of information Logan provided regarding the alleged location of the unrecovered money, even though the information did not lead to recovery of the money and Logan failed a polygraph examination.

The government's decision not to file a motion for a downward departure based on substantial assistance may be challenged only if the defendant makes a substantial threshold showing of prosecutorial discrimination, irrational conduct, or bad faith. See United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003). We conclude that Logan has made no such showing. We also conclude that Logan's prison sentence, below the statutory maximum and within the applicable advisory Guidelines range, is presumptively reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007). Furthermore, the record indicates that the district court appropriately considered the factors in section 3553(a), and nothing in it suggests that the court misapplied those factors. See Harris, 493 F.3d at 932-33.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____