# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3829

_____

United States of America,         *
                            *

         Appellee,         *
                            *   Appeal from the United States

     v.                   *   District Court for the Eastern
                            *   District of Missouri.

Randy P. Green,          *

                            *   [UNPUBLISHED]

         Appellant.       *

_____

Submitted: January 25, 2008
Filed: February 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Randy P. Green pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. The district court[1] sentenced him to the statutory mandatory minimum sentence of 240 months in prison and 10 years of supervised release, <u>see</u> 21 U.S.C. § 841(b)(1)(A). His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that (1) the district court erred in denying Green's motion to withdraw his guilty plea prior to sentencing and in not compelling

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

the government to file a downward departure motion based on Green's substantial assistance; (2) the government abused its discretion in refusing to file the motion; and (3) the sentence is unreasonable. For the reasons discussed below, we affirm.

We conclude the district court did not abuse its discretion in refusing to compel the government to file a downward-departure motion based on substantial assistance, because no evidence was presented that the government acted with an unconstitutional motive or irrationally when it elected not to file the motion. See United States v. Mullins, 399 F.3d 888, 890 (8th Cir. 2005) (where plea agreement does not require government to file substantial-assistance departure motion, district court may intervene only if government's refusal to make such motion was based on unconstitutional motive, such as unlawful discrimination or other action not rationally related to legitimate governmental interest); United States v. Hart, 397 F.3d 643, 646-47 (8th Cir. 2005) (standard of review). Nor did the court abuse its discretion in denying Green's motion to withdraw his guilty plea. See Fed. R. Crim. P. 11(d)(2)(B) (defendant may withdraw plea if he can show fair and just reason for requesting withdrawal); United States v. Kelly, 18 F.3d 612, 618-19 (8th Cir. 1994) (district court did not abuse discretion in denying plea-withdrawal motion premised on government's refusal to move for substantial-assistance downward departure where government did not breach plea agreement or unconstitutionally withhold motion).

We also conclude that Green's 240-month mandatory minimum prison sentence is not unreasonable. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting argument that district court had discretion to impose non-Guidelines sentence when portion of sentence is result of mandatory minimum sentence; "Booker[2] does not relate to statutorily-imposed sentences"); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only

_____

[2]United States v. Booker, 543 U.S. 220 (2005).

when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

Finally, after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we conclude that there are no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____