# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3785

_____

United States of America,       *
                                 *
       Appellee,             *
                                 *   Appeal from the United States
     v.                    *   District Court for the Eastern
                                 *   District of Arkansas.
Terrance Osborne,          *
                                 *   [UNPUBLISHED]
       Appellant.           *

_____

Submitted:  August 28, 2009
Filed:  September 3, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Terrance Osborne[1] challenges the district court's[2] judgment entered after a jury found him guilty of conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine and 50 grams or more of a substance containing cocaine base, from January 2002 through March 1, 2005, in violation of 21 U.S.C.

---

[1]Defendant's name is spelled "Osborn" at places in the district court record, but the correct spelling is "Osborne," and this court's caption has been changed accordingly.

[2]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

§§ 841(a)(1) and 846 (Count 1); and possessing with intent to distribute approximately 13 kilograms of cocaine on May 25, 2005, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 10). Osborne's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Osborne has filed a pro se brief, in which he argues that the district court erred when it (1) denied his motion for dismissal based on a claimed violation of the Speedy Trial Act, (2) denied his motion for judgment of acquittal, and (3) refused to conduct a hearing to determine whether the government's failure to request a downward departure at sentencing was improper.

As to the Speedy Trial Act claim, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo. See United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003). We find that the district court did not err in initially setting Osborne's trial for November 14, 2005, more than 70 days after his June 21, 2005 arraignment: by the time Osborne was added to an indictment that named 11 other defendants, some of those defendants had requested a continuance in order to adequately prepare for trial, the district court had found that the ends of justice would be served by granting the continuance, and this initial period of delay was reasonable. See 18 U.S.C. § 3161(c) (defendant must be brought to trial within 70 days of the later of his indictment or arraignment, as extended by excludable delays), (h)(6) ("[a] reasonable period of delay [is excludable] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"), h(7)(A) (period of delay resulting from continuance granted by judge is excludable if judge finds ends of justice served by granting continuance outweigh best interest of public and defendant in speedy trial); United States v. Cordova, 157 F.3d 587, 599 (8th Cir. 1998) (delay of 80 days beyond 70-day limit for last codefendant to make initial appearance was well within reason). Although Osborne argues that further continuances of the trial setting violated his rights under the Speedy Trial Act, he waived those claims by failing to move for

dismissal on those bases below.  See United States v. Hall, 181 F.3d 1057, 1061 (9th Cir. 1999); United States v. McFarland, 116 F.3d 316, 318 (8th Cir. 1997).

As to his argument that the evidence was insufficient for his conviction, this court reviews the evidence in the light most favorable to the jury's verdict, accepting all reasonable inferences that support the verdict.  See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008).  As to Count 10, we find sufficient evidence that Osborne constructively possessed the cocaine that was hidden in a truck on May 25: the evidence showed that Osborne owned the truck; he directed where the truck should be driven; the driver was told that the truck contained drugs, and that he would be paid $500 to deliver it to an unknown person in Texarkana; the unknown person turned out to be Osborne, whose number was stored in a cell phone in the truck; and Osborne told the driver, in coded language, that he would pay him for delivering the truck.  See United States v. Robertson, 519 F.3d 452, 455 (8th Cir. 2008) (constructive possession is sufficient and entails knowledge of drugs, and intent and ability to exercise control over drugs or place where they are kept); United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994) (defendant's knowledge is generally established through circumstantial evidence).  Further, the large quantity of drugs in the truck, and testimony from witnesses who bought drugs from Osborne, was sufficient to show his intent to distribute.  See United States v. Nolen, 536 F.3d 834, 843 (8th Cir. 2008).

We also find that the evidence amply supports Osborne's conviction on Count 1, because witness testimony showed that he conspired to possess with intent to distribute much more than 5 kilograms of cocaine.  See United States v. Wilkinson, 124 F.3d 971, 976 (8th Cir. 1997) ("When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.").  Cooperating witnesses testified that Osborne was the source of many kilograms of cocaine that they bought, or that they transported many kilograms of cocaine for Osborne.  See United States v. Cruz, 285 F.3d 692, 700 (8th Cir. 2002) (elements of conspiracy); United States v.

Miller, 91 F.3d 1160, 1162 (8th Cir. 1996) (evidence of multiple sales of resale quantities of drugs is sufficient to make submissible case of conspiracy to distribute). To the extent Osborne is challenging the specific drug-quantity finding as to cocaine base, we find that the district court had sufficient evidence to set Osborne's base offense level at 36. See U.S.S.G. § 2D1.1(c)(2); United States v. Thorpe, 447 F.3d 565, 569 (8th Cir. 2006) (judicial fact-finding based on preponderance of evidence standard is authorized provided Guidelines are applied as advisory); United States v. Byrne, 83 F.3d 984, 993 (8th Cir. 1996) (upholding drug-quantity calculation because it was reasonably foreseeable that crack cocaine would be distributed by members of conspiracy that distributed heroin and cocaine).

Finally, we reject Osborne's argument that the district court erred in refusing to conduct a hearing to determine whether the government's refusal to seek a downward departure was proper. Because Osborne did not move to compel the government to file a departure motion or request a hearing in the district court, we review for plain error. See United States v. Lovelace, 565 F.3d 1080, 1086-87 (8th Cir. 2009) (failure to object at sentencing results in review for plain error that affects substantial rights). We find no plain error, because the government denied that any agreement existed to move for a sentence reduction, and Osborne presented no evidence of it beyond his bald assertion. Cf. United States v. Hart, 397 F.3d 643, 646 (8th Cir. 2005) (district court can review government's decision not to file substantial-assistance motion only if defendant has made substantial threshold showing that decision was based on unconstitutional motive or was not rationally related to legitimate government purpose).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw, subject to his first advising Osborne of the procedures for filing a petition for rehearing en banc and for a writ of certiorari.

_____