# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3516

_____

United States of America,

        Appellee,

    v.

Ken Warren,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted:  December 7, 2009
Filed:  December 10, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Ken Warren challenges the 180-month statutory-minimum sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Warren's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in failing to depart downward based on Warren's substantial assistance, see U.S.S.G. § 5K1.1, even though the government did not move for such a downward departure. Warren has filed a pro se

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

supplemental brief additionally contending that the court improperly sentenced him as an armed career criminal and that he is innocent of the felon-in-possession offense.

We conclude that the district court did not err in declining to depart downward based on substantial assistance. See United States v. Mullins, 399 F.3d 888, 889-90 (8th Cir. 2005) (district court lacks discretion to grant substantial-assistance downward departure unless government moves for downward departure); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government moves for downward departure based on substantial assistance or defendant qualifies for safety-valve relief).

We hold that the remaining issues raised in Warren's pro se brief are foreclosed by the appeal waivers contained in Warren's plea agreement. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court will enforce appeal waiver in plea agreement when appeal falls within scope of waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and enforcement of waiver would not result in miscarriage of justice); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 448 U.S. 75, 80 (1988), we find no nonfrivolous issues that fall outside the scope of the appeal waivers. Accordingly, the judgment is affirmed, and counsel's motion to withdraw is granted.

_____