# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1568

_____

United States of America

*Plaintiff - Appellee*

v.

Robbie Donyel Hudson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: November 23, 2020
Filed: December 9, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Robbie Donyel Hudson appeals after he pleaded guilty to a controlled substance offense pursuant to a plea agreement containing an appeal waiver, and the

district court[1] sentenced him to a term of imprisonment at the bottom of the United States Sentencing Guidelines Manual ("Guidelines") advisory range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court should have compelled the government to file a motion for a downward departure under Guidelines § 5K1.1 based on Hudson's substantial assistance.[2]

As an initial matter, we conclude the appeal waiver does not bar consideration of the sentencing issue raised in the *Anders* brief because the waiver was triggered only if the district court were to accept the total offense level agreed to in the plea agreement, yet the parties merely provided two estimated total offense levels, and the district court applied a different total offense level than the contemplated estimates. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) (applying appeal waivers in plea agreements narrowly and strictly construing them against the government).

We note, however, the record demonstrates Hudson ultimately conceded his assistance was not substantial; did not timely object, move the government to file a motion, or request a hearing in the district court; and received the sentence he requested. *See United States v. Murphy*, 248 F.3d 777, 779-80 (8th Cir. 2001) (holding the defendant waived appellate review of the government's refusal to file a § 5K1.1 motion because he did not, among other things, properly object or request a departure, and he asked for – and received – a sentence at the bottom of the range);

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]We remind counsel an *Anders* brief must be done as an advocate for the appellant. *See Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989).

*cf. United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002) (noting a defendant may not complain when the district court gave him exactly what his counsel requested – a sentence at the low end of the guideline range).

Assuming, without deciding, the issue raised in the *Anders* brief was not thus otherwise waived, we conclude the district court committed no plain error when it did not review the government's refusal to file a substantial assistance motion. *See United States v. Osborne*, 343 F. App'x 159, 162 (8th Cir. 2009) (unpublished per curiam) (reviewing for plain error when the defendant did not move to compel the government to file a substantial assistance motion or request a hearing at sentencing); *see also United States v. Ford*, 888 F.3d 922, 926 (8th Cir. 2018) (to establish plain error, a defendant must show (1) an error, (2) that was clear or obvious under current law, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings). Specifically, Hudson cannot show an obvious error because the government was under no obligation to file the motion; he conceded the government's decision was not based on an unconstitutional motive; and he failed to make a substantial showing the decision was not rationally related to a legitimate government interest, as he offered no evidence to rebut the government's representations that he was insincere and uncooperative, and his efforts ultimately yielded no value. *See United States v. Zeaiter*, 891 F.3d 1114, 1125 (8th Cir. 2018) (noting the government's decision not to file substantial assistance motion is reviewable by the district court only after the defendant makes a substantial threshold showing such decision was based on an unconstitutional motive or was not rationally related to any legitimate government end); *United States v. Hardy*, 325 F.3d 994, 996 (8th Cir. 2003) (the government reasonably discounted the defendant's information which provided little value); *United States v. Wolf*, 270 F.3d 1188, 1191 (8th Cir. 2001) (encouraging full cooperation by defendants is a legitimate governmental purpose). In any event, Hudson received the sentence he requested, thus he cannot demonstrate his substantial rights were affected.

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____