# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2331

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Humberto Amezcua, also known as | * | |
| Antonio Alvarez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 11, 2001

Filed: January 14, 2002

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and FENNER,[1] District
    Judge.

_____

WOLLMAN, Chief Judge.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri, sitting by designation.

Humberto Amezcua pled guilty to one count of engaging in a drug trafficking conspiracy and one count of money laundering in connection with the conspiracy. He appeals from the sentence imposed by the district court.[2] We affirm.

## I.

Amezcua was involved in a conspiracy to distribute methamphetamine, cocaine, and marijuana from January 1996 until December 1998. Amezcua's brother-in-law, Shane Lewis, was also involved in the drug trafficking operation. The conspiracy involved the distribution of more than 10 kilograms of marijuana, less than 5 kilograms of cocaine, and more than 500 grams of methamphetamine. In addition, the conspiracy involved the laundering of drug proceeds.

Amezcua entered into a plea agreement with the government, agreeing to provide information on his co-conspirators in exchange for the possibility of a downward departure in his sentence. The plea agreement states:

> The United States may, but shall not be required to, make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines requesting the court to depart below the sentencing range called for by the sentencing guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney's Office . . . .
>
> The United States may, but shall not be required to, make a motion pursuant to 18 U.S.C. § 3553(e) allowing the court to depart below the minimum mandatory sentence required by statute for any offense to which defendant has agreed to plead guilty in the event the defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney's Office . . . .

---

[2]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

It is understood and agreed that no motion for downward departure shall be made, under any circumstances, unless the defendant's cooperation is deemed "substantial" by the United States Attorney's Office and defendant has fully complied with all provisions of this plea agreement. The United States has made <u>no promise</u>, implied or otherwise, that a departure motion will be made or that defendant will be granted a "departure" for "substantial assistance." Further, <u>no promise</u> has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided "substantial assistance."

(emphasis in original). This agreement was drafted by the government and signed by the defendant.

Amezcua provided the government with information concerning the activities of his brother-in-law, Shane Lewis, and other co-conspirators in the form of debriefings and testimony before the grand jury. However, before Lewis could be indicted, he died.

During the sentencing hearing, the government advised the district court that it would not be filing a substantial assistance motion. In light of Amezcua's attempted cooperation, the court imposed a sentence of 151 months, the bottom of the sentencing range.

On appeal, Amezcua argues that the government's refusal to move for downward departure violated the plea agreement and was irrational and in bad faith.

## II.

"Issues concerning the interpretation and enforcement of a plea agreement are issues of law, which we review de novo." United States v. Johnson, 241 F.3d 1049, 1053 (8th Cir. 2001) (citing United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996)). The government's argument that Amezcua waived his right to appeal its decision not to file a substantial assistance departure motion by not challenging the decision in the district court is without merit. The plea agreement itself was before the court, and the issue was raised when defense counsel brought the defendant's assistance to the court's attention. Johnson, 241 F.3d at 1052 (citing Van Thournout, 100 F.3d at 594).

Amezcua's assertion that the government's failure to file a motion for downward departure violated the terms of the plea agreement is without merit. The plea agreement expressly states that the decision whether or not to file a motion for departure was entirely within the discretion of the government. When the government expressly reserves discretion, we will perform only a limited review of the decision not to file a motion for downward departure for substantial assistance. United States v. Marks, 244 F.3d 971, 975 (8th Cir. 2001) (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). This discretionary decision may be challenged "only if the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct." United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992) (quoting Wade, 504 U.S. at 186). Without such a showing, a defendant is not entitled to any remedy or even an evidentiary hearing. Wade, 504 U.S. at 186.

Amezcua has not alleged that the government refused to file a motion for constitutionally impermissible reasons, such as race or religion. Rather, he argues that Shane Lewis's death was a matter over which he had no control, negating the government's conclusion that Amezcua did not render substantial assistance because

-4-

it did not lead to Lewis's indictment. Although Amezcua may have provided assistance to the extent of his abilities, whether the assistance provided was "substantial" was for the government to determine.

In light of his failure to make a substantial threshold showing that the refusal to file a downward departure motion was based upon a constitutionally impermissible motive, Amezcua is entitled to no relief.

The sentence is affirmed.

A true copy.

　Attest:

　　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.