# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3405

_____

United States of America,

        Appellee,

v.

Andre Guerra,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Arkansas
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  March 20, 2002

Filed:  April 3, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Andre Guerra appeals his conviction, and the resulting sentence imposed on him by the District Court for the Eastern District of Arkansas,[1] after he pleaded guilty to bank fraud in violation of 18 U.S.C. §§ 1344 and 2. The district court sentenced Guerra to serve 51 months imprisonment and 5 years supervised release, and to pay $162,129.24 in restitution. His counsel has moved to withdraw, filing a brief pursuant to Anders v. California, 386 U.S. 738 (1967). For reversal, counsel argues

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

that the district court erred in (1) assigning criminal history points to a sentence imposed for a 1985 conviction, because the conviction was more than 15 years old at the time of the instant sentencing; (2) assigning criminal history points for a 2001 conviction, because the underlying conduct occurred after the conduct underlying the instant conviction and was part of a common plan or scheme with the instant offense; and (3) denying Guerra's objection to the government's refusal to move for a substantial assistance departure.  In a pro se supplemental brief, Guerra argues that his plea was unknowing and involuntary because he was unaware of the effect his criminal history would have on his sentence.  For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the district court properly assigned criminal history points to the sentences imposed for Guerra's 1985 and 2001 convictions.  He was incarcerated on the 1985 conviction through February 1991, and he commenced the instant offense in May 1999.  See U.S.S.G. § 4A1.2(e)(1) (Nov. 2000).  The 2001 conviction involved credit card fraud and occurred in Georgia, whereas the instant offense occurred primarily in Arkansas and involved fraudulent checks; further, the conduct underlying the 2001 conviction was not used to determine the amount of loss for the instant offense.  See U.S.S.G. §§ 4A1.1(a); 4A1.2, comment. (n.1) (Nov. 2000) (defining "prior sentence").  The district court also properly denied Guerra's objection to the government's refusal to move for a substantial assistance departure.  The plea agreement reserved to the government discretion to determine whether Guerra had provided substantial assistance, and Guerra failed to make a substantial threshold showing of prosecutorial discrimination or irrational conduct.  See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002).  Finally, Guerra's claim that his plea was unknowing and involuntary first must be raised in the district court.  See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990).

Having found no nonfrivolous issues following our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we grant counsel's

motion to withdraw, deny Guerra's motion for appointment of new counsel, and affirm.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.