# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1362

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Guadalupe Deanda, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 1, 2002
Filed: October 4, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Guadalupe Deanda appeals his conviction, and the resulting sentence imposed by the district court,[1] upon his guilty plea to conspiring to distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. Pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel has moved to withdraw, and has filed a brief in which she challenges a 3-level aggravating-role sentencing enhancement that the district

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

court assessed against Deanda. In a pro se supplemental brief, Deanda argues that there was no conspiracy, that the government breached the plea agreement, and that his attorney was ineffective. We reject these arguments and affirm.

Deanda may not challenge the aggravating-role enhancement that he received because he stipulated to it in his plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995), and the factual stipulations that he made in his plea agreement and at the plea hearing established a sufficient factual basis for the conspiracy conviction, see Fed. R. Crim. P. 11(f).

We also find that the government did not breach the plea agreement. As required, it advised the court of Deanda's efforts to cooperate. The government indicated, however, that no substantial assistance motion would be forthcoming because Deanda had stopped cooperating. Deanda acknowledged that he had stopped cooperating, and he did not attempt to make a showing of prosecutorial discrimination or irrational conduct. See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.), cert. denied, 122 S. Ct. 2637 (2002). As to Deanda's ineffective-assistance claims, these are not properly brought in this direct criminal appeal. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.