# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4155

_____

United States of America,           *
                                    *

        Appellee,       *   Appeal from the United States
                                    *   District Court for the
   v.                      *   Western District of Missouri.
                                    *

Robert Daryl Rollins,       *       [UNPUBLISHED]
                                    *

        Appellant.      *

_____

Submitted: July 18, 2003
Filed: July 31, 2003

_____

Before BOWMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert Rollins pleaded guilty to armed bank robbery and to using a firearm in relation to a crime of violence. The District Court[1] sentenced him to consecutive terms of thirty-three months of imprisonment for armed bank robbery and eighty-four months of imprisonment for using a firearm—concurrent with another federal sentence—and to concurrent three-year supervised-release terms. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in denying Rollins's motion to withdraw his

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

guilty plea and that Rollins should have received a downward departure based on substantial assistance. In his pro se brief, Rollins argues that counsel was ineffective in failing to advise him of the effect of the plea agreement and his guilty plea.

We conclude the District Court did not abuse its discretion in refusing to allow Rollins to withdraw his guilty plea. See Fed. R. Crim. P. 11(d)(2)(B) (stating that court may permit plea to be withdrawn before sentencing if defendant shows any fair and just reason);[2] United States v. Thompson, 906 F.2d 1292, 1298–99 (8th Cir.) (outlining factors district court should consider when evaluating propriety of plea withdrawal prior to sentencing), cert. denied, 498 U.S. 989 (1990). Rollins's arguments (1) that he did not understand both the applicability of relevant conduct and the potential to be charged with other crimes and (2) that the District Court did not advise him of his rights are belied by the plea agreement and his testimony during the plea hearing. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (explaining that defendant's representations during plea-taking carry strong presumption of verity); cf. United States v. Bahena, 223 F.3d 797, 806–07 (8th Cir. 2000) (rejecting motion to withdraw plea because of defendant's prior testimony of satisfaction with attorney, admission of guilt, and understanding of proceedings).

Rollins's argument that he should have received a substantial-assistance departure also fails. The plea agreement reserved the Government's "right to make the sole determination as to whether and when the defendant had provided such substantial assistance," which the District Court also pointed out at the plea hearing. At sentencing, the Government told the District Court that while Rollins had initially agreed to cooperate in robbery investigations in Illinois, he later went to trial himself

---

[2]At the time of Rollins's sentencing, the standard for permitting a plea to be withdrawn before sentencing was found in Rule 32(e) of the Federal Rules of Criminal Procedure. The Rules were amended as of December 1, 2002, and the substance of Rule 32(e) was moved to Rule 11. This change was purely stylistic, and the "fair and just reason" standard has not changed.

(and was convicted) and declined to testify against his coconspirators, thereby failing to provide substantial assistance. Rollins does not challenge that the above-described events occurred, and we conclude he has failed to make a showing of prosecutorial discrimination or irrational conduct. See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.) (explaining that where government reserves discretion to make departure motion, decision stands unless defendant makes substantial threshold showing of prosecutorial discrimination or irrational conduct), cert. denied, 536 U.S. 947 (2002); United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992) (concluding government could preserve discretion as to whether to move for departure based on "carefully-worded plea agreement"). Rollins's ineffective-assistance claims should be deferred to 28 U.S.C. § 2255 (2000) proceedings, where a full record can be developed regarding counsel's performance. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, we grant counsel's motion to withdraw, and we deny Rollins's pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-