# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  02-3820

_____

United States of America,     *
                                 *

          Plaintiff-Appellee,     *
                                 *    Appeal from the United States

     v.                         *    District Court for the Northern
                                 *    District of Iowa.

Bridget Sue McClure,     *
                                 *

          Defendant-Appellant.     *

_____

Submitted:  June 11, 2003
Filed:  August 1, 2003

_____

Before BOWMAN, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bridget Sue McClure pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Although she faced a mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A), the district court[1] applied the safety valve and sentenced her under the guidelines to 46 months imprisonment after lowering her range by crediting her for acceptance of responsibility, being a minor participant, and being eligible for the

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

safety valve. She appeals, arguing that the district court abused its discretion by not ordering the government to file a substantial assistance motion. We affirm.

In late 2000, agents began investigating McClure and her boyfriend Kurt Undine for their involvement in the Sioux City methamphetamine trade. Although Undine was the focus of their interest, the investigation yielded substantial evidence of McClure's involvement. Drugs were stored at and sold from her house, she weighed and packaged methamphetamine for sale, collected money owed to Undine, contacted him for buyers or sellers, and occasionally sold drugs when he was unavailable. McClure was indicted for conspiracy to distribute 500 grams or more of methamphetamine on August 21, 2001, and was released on an unsecured bond following her arraignment. She later tested positive for both marijuana and methamphetamine, however, and her pretrial release was revoked.

McClure entered into a twelve page plea agreement with the government. It had 38 numbered paragraphs setting out its terms, and all were initialed by McClure. In the first paragraph she indicated she understood that the offense to which she would plead "is punishable by a mandatory minimum sentence of ten years." A detailed cooperation agreement followed which required her to "fully and completely cooperate … in the investigation of criminal activity within the Northern District of Iowa and elsewhere." If she were to fail to provide "complete and truthful information at any … time," she would breach the agreement. The United States made "no promise" in return as to her sentence, but the parties stipulated as to some possible guideline calculations the court might make. Paragraphs 14–20 addressed a "POTENTIAL FOR DEPARTURE OR CREDIT" (section heading capitalized in original). In this section it was spelled out that the government "may but shall not be required to make" a motion for downward departure from the guidelines or the statutory mandatory minimum sentence if McClure provided "'substantial assistance.' This decision shall be in [its] sole discretion." The agreement specifically provided that the United States had not promised that a departure motion would be made if

substantial assistance were given and that it would make the assessment of whether her cooperation amounted to substantial assistance.

After McClure pled guilty, she testified at the trial of Brett and Cory Kamerud and before a grand jury which was considering other individuals. She was subsequently granted pretrial release once again although the government had opposed it for fear she would not be able to comply with the conditions of release which could affect her sentence. The court had inquired whether the government would not be "asking for any kind of lenient sentence" if she "messes up again," and the prosecutor agreed: "If she screws up, she is looking at 10 years." McClure subsequently tested positive for methamphetamine within two months of being released.

Before the sentencing hearing, the government informed McClure that it was not going to file a substantial assistance motion. She moved for an order to compel, arguing that the government was punishing her for reasons unrelated to the value of her assistance. The district court denied the motion. This left McClure facing a ten year mandatory minimum sentence, but the government agreed not to oppose application of the safety valve provision under both 18 U.S.C. § 3553(f) and United States Sentencing Commission, Guidelines Manual, § 5C1.2 (2002) (USSG). The district court found McClure qualified for the safety valve which allowed her to bypass the mandatory minimum and to receive a two level reduction under the guidelines. The district court also gave her another two level reduction as a minor participant and a three level reduction for acceptance of responsibility. McClure was then sentenced to 46 months.

She appeals, arguing that the government should have been required to file a substantial assistance motion. A substantial assistance motion by the government permits a sentence below a statutory mandatory minimum and a departure from the guidelines. 18 U.S.C. § 3553(e); USSG §5K1.1. McClure contends that the district

court should have granted her motion to compel because she had met her cooperation responsibility but was being punished for using drugs while on pretrial release, citing United States v. Anzalone, 148 F.3d 940, 941 (8th Cir. 1998), reinstated by 161 F.3d 1125 (8th Cir. 1998). McClure claims the prosecutor's answer to the court's question at her release hearing is evidence of the government's bad faith.

A district court can review the government's decision not to file a substantial assistance motion only if a defendant has made a "substantial threshold showing" that the decision was "based on an unconstitutional motive" or was not "rationally related to any legitimate Government end," Wade v. United States, 504 U.S. 181, 185–86 (1992), such as when its decision was made in bad faith, United States v. Marks, 244 F.3d 971, 975 (8th Cir. 2001). A plea agreement in which the government specifically retains its discretion under § 5K1.1 will defeat a motion to compel unless the defendant is able to show unconstitutional motive or bad faith. See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002); Marks, 244 F.3d at 974–75. We review denial of such a motion for abuse of discretion. See United States v. Hyatt, 207 F.3d 1036, 1038 (8th Cir. 2000).

We have carefully examined the record in this case and find no showing of bad faith. At the release hearing the government indicated that its reaction to a violation on release would be to enforce the ten year mandatory minimum, but it later agreed to imposition of the safety valve to take her below that ten year requirement despite her violations. Moreover, the government did not object to McClure's guideline reductions for safety valve and minor participant. The record shows that the government's clear position was that it did not believe that her assistance had been substantial and its only comment about her drug use was that it undercut her value as a future witness. McClure relies on Anzalone, but in that case the government agreed that the defendant had made a "substantial" showing of substantial assistance, 148 F.3d at 941, unlike the situation here. This case is like United States v. Wilkerson, where we concluded that there is no basis for an order to compel if the government's

refusal to make a departure motion is based on "its evaluation of the quality of [the defendant's] assistance," its determination that the defendant has "not met [her] duty under the plea agreement," and the agreement gives it the right to make that assessment. 179 F.3d 1083, 1086 (8th Cir. 1999).

McClure argues that the government was unjustly enriched because it received the benefit of her cooperation without making a substantial assistance motion, but plea agreements such as hers will be enforced. See, e.g., Amezcua, 276 F.3d at 447; Marks, 244 F.3d at 974–75. She also claims that the plea agreement is a contract of adhesion that should be interpreted against its drafter, but it was not ambiguous. In any event, McClure did not have to enter into the agreement. She was free to holdout for better terms and could have proceeded to trial or pled guilty without an agreement. See United States v. Hare, 269 F.3d 859, 862 (7th Cir. 2001).

The plea agreement in this case spelled out in very specific detail that a substantial assistance motion was only a potential benefit of McClure's cooperation and that whether it would be made was within the sole discretion of the government. The quality of the assistance given, and whether to use McClure in future investigations and prosecutions, are matters within the discretion of the government given the nature of the parties' contractual agreement. See United States v. Wolf, 270 F.3d 1188, 1190–91 (8th Cir. 2001); Wilkerson, 179 F.3d at 1085–86. McClure did testify as part of her cooperation, but her testimony at the Kamerud trial was short and cumulative of other witnesses. Not only did her grand jury testimony not lead to any indictments, the prosecutor who presented it did not believe she was completely truthful and stated he would not allow her to testify if there ever were a trial. The government's determination that McClure's assistance was not substantial was well within its discretion.

The district court did not abuse its discretion by denying the motion to compel or an evidentiary hearing. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.