# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3609

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| David Allen Clime, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 23, 2008
Filed: February 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

David Allen Clime appeals the 120-month prison sentence the district court[1] imposed upon his guilty plea to conspiring to manufacture at least 5 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in not requiring the government to file a substantial-assistance downward-departure motion and in not crediting Clime

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

for time he had spent in state custody. Clime has tendered an untimely pro se supplemental brief, and we grant his motion for leave to file it.

Clime pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence. We will enforce the appeal waiver here. The record reflects that Clime understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and we conclude that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Clime's assertion in his supplemental brief that the government breached the plea agreement by not moving for a downward departure does not provide a basis for setting aside the appeal waiver. See United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002) (when government expressly reserves discretion whether to move for downward departure based on substantial assistance, appeals court will perform only limited review of decision; decision may be challenged only if defendant makes substantial threshold showing that government refused to file motion for constitutionally impermissible reasons, such as race or religion).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we dismiss the appeal, we grant counsel's motion to withdraw, and we deny Clime's motion for appointment of substitute counsel.

_____