# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1017

_____

Reid Douglas Larson,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　Appellant,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *　Appeal from the United States
　　　　v.　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　　 *　District of Minnesota.
United States of America,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *　[UNPUBLISHED]
　　　　　　　　Appellee.　　　　　　 *

_____

Submitted: November 10, 2008
Filed: December 30, 2008

_____

Before WOLLMAN, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

　　　Reid Douglas Larson pled guilty to aiding and abetting the distribution of 50 grams or more of methamphetamine mixture. The district court[1] denied his motion to compel the government to file a downward departure motion and his request to have an evidentiary hearing on that motion. Larson appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Larson sold methamphetamine to an undercover officer in November 2006. The officer met him for another controlled buy on December 7. Before the buy, Larson was seen with Charleton Hawks, a co-defendant. Both were arrested after the buy. Hawks immediately cooperated with law enforcement including arranging another controlled buy which led to the arrest of his source and a third co-defendant. Hawks was released, then disappeared for 75 days.

While Hawks was a fugitive, Larson's detention hearing was held. Larson alleges that after this hearing, an assistant United States attorney indicated that he would move for a downward departure if Larson assisted in recapturing Hawks. Working through a third party, Larson provided information to the police that led to the capture of Hawks in February 2007, and state convictions of several others for property and narcotics crimes. Hawks entered into a plea agreement that was filed with the court on April 23, 2007. On May 3, Larson signed a plea agreement, which provided that if he gave future substantial assistance to the government, it would file a motion for a downward departure.

The government's decision not to file a substantial assistance motion can be reviewed by the district court only if there is a substantial threshold showing that would require an evidentiary hearing. *United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003). Review of a denial of a motion to compel the government to file a substantial assistance motion is for an abuse of discretion. *Id.*

Larson's initial conversation regarding assistance in exchange for a downward departure was made during preliminary discussions after his detention hearing. Absent a motion by the government, a district court generally may not grant a downward departure. *United States v. Matlock*, 109 F.3d 1313, 1317 (8th Cir. 1997). A district court may review a prosecutor's refusal to file a downward departure motion, if the refusal was unconstitutional or motivated by bad faith. *United States v. Rounsavall*, 128 F.3d 665, 667 (8th Cir. 1997). Larson alleges bad faith because

he believes he provided substantial assistance. The district court found, based on the facts, that the refusal to file the motion for downward departure was not bad faith by the government, and may have been based on a misunderstanding by Larson.

One full page, section 9 "Cooperation", of the six-page plea agreement provided that any determination of Larson's substantial assistance was within the "sole discretion" of the government. The government also had discretion to decide whether to file for downward departure. The agreement in this case is very similar to the one in *McClure* where the district court did not abuse its discretion in denying a motion to compel or an evidentiary hearing. *See McClure*, 338 F.3d at 851.

If Larson's written plea agreement had been prior to his providing substantial assistance to the government, and the government had agreed to file a motion, he might have a claim. *United States v. Johnson*, 241 F.3d 1049, 1052-54 (8th Cir. 2001). There was no agreement between Larson and the government when he provided his assistance. Larson does not allege that he had a specific agreement with the government that it breached. Larson's guilty plea was not induced by the alleged agreement to file for a downward departure. *See United States v. Hart*, 397 F.3d 643, 647 (8th Cir. 2005).

The district court did not abuse its discretion by denying Larson's motion to compel a downward departure, and for an evidentiary hearing.

The judgment is affirmed.

_____