# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3135

_____

United States of America,

               Appellee,

v.

Coby Levan Richardson,

               Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: May 10, 2010
Filed: August 19, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Coby Richardson pleaded guilty to one count of distribution of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), pursuant to a written plea agreement. Because the amount of crack cocaine was more than 50 grams, Richardson faced a ten-year statutory mandatory minimum sentence. As part of his plea agreement, Richardson agreed to attempt to provide substantial assistance to the government. In return, the government agreed that if Richardson provided substantial assistance, it would consider filing a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Before sentencing, the government determined that Richardson had not provided substantial assistance and declined to file a motion for downward departure. At sentencing, Richardson moved

to compel the government to file a motion for downward departure. The district court[1] denied Richardson's motion and sentenced Richardson to the mandatory minimum of 10 years' imprisonment. On appeal, Richardson argues that the district court erred in denying his motion to compel because the government wrongly refused to bring a substantial assistance motion on his behalf. Richardson contends that the court should have conducted an evidentiary hearing. Richardson also argues that his trial counsel provided ineffective assistance. The district court is affirmed.

## I. *Background*

On November 12, 2007, a confidential informant contacted Richardson and Richardson agreed to sell the confidential informant crack cocaine. Law enforcement officers observed the subsequent transaction take place and recorded it. Richardson sold the confidential informant two packages of crack cocaine in amounts of 60 and 61 grams, respectively. Subsequently, Richardson was charged in a one-count indictment with distribution of crack cocaine, in violation of §§ 841(a)(1) and (b)(1)(A). Because the offense involved more than 50 grams of crack cocaine, Richardson faced a ten-year mandatory minimum sentence.

On May 1, 2009, Richardson pleaded guilty. As part of his written plea agreement, Richardson agreed to attempt to provide substantial assistance to the government in its prosecution of another individual in a separate investigation. The government agreed that if Richardson provided substantial assistance it would, in turn, file a motion for downward departure. The express terms of the plea agreement stated that it was in the government's "sole discretion" to determine whether Richardson's cooperation amounted to substantial assistance and whether to file a motion for downward departure. Richardson agreed to these terms and signed the plea agreement in the presence of the district court.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The government determined that Richardson had not provided substantial assistance and decided not to file a motion for downward departure. At sentencing, Richardson argued that the government should be required to file a motion for downward departure. The district court concluded that "the defendant has not made a substantial showing that the government's decision was based on an unconstitutional motive or bad faith, and an evidentiary hearing would not be warranted in this case." The district court then denied Richardson's motion to compel the government to file a downward departure motion and sentenced Richardson to the mandatory statutory minimum of 10 years' imprisonment.

II. *Discussion*
A. *Substantial Assistance Motion*

On appeal, Richardson maintains that the government wrongly refused to bring a substantial assistance motion on his behalf. Richardson urges that the government violated the heightened duties of good faith and fair dealing that should apply to plea agreements. Richardson further asserts that where a reasonable dispute exists whether a defendant provided substantial assistance, the government alone should not answer the question. Finally, Richardson asserts that the district court erred in denying his request for an evidentiary hearing challenging the government's refusal to file a motion for downward departure and his motion to compel the government to make such a motion.

We review the denial of a defendant's motion to compel the prosecution to move for downward departure under the Guidelines based on substantial assistance for abuse of discretion. *United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003).

> A district court can review the government's decision not to file a substantial assistance motion only if a defendant has made a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end, such as when its decision was made in bad faith. A plea agreement in

-3-

which the government specifically retains its discretion under § 5K1.1 will defeat a motion to compel unless the defendant is able to show unconstitutional motive or bad faith.

*Id.* (internal quotations and citations omitted). Richardson's arguments for reversal are unpersuasive. Here, the government specifically retained its discretion to move for a substantial assistance departure and Richardson has failed to meet *McClure's* threshold showing requirement. 338 F.3d at 850. Richardson argues that he actually provided substantial assistance but that the government did not consider it substantial enough due to factors outside of Richardson's control. He also contends that contract principles should apply to hold the government to its bargain in that Richardson gave up valuable constitutional rights in reliance upon the government's promise. Richardson, however, supplies no authority in support of his contract theory and ignores language in the plea agreement that the government only conditionally "agreed to consider defendant's assistance;" it did not promise to file a motion. The agreement further provided that

the defendant understands that the government is not obligated to accept any tendered cooperation on the defendant's part. If the government, in its sole discretion, chooses not to accept tendered cooperation, the defendant will not be rewarded for such tendered cooperation and will not be allowed to withdraw from the plea agreement based upon that ground.

Richardson's "showing must involve clear evidence that the prosecutor's motive was improper, rather than a mere allegation that substantial assistance was provided and that the prosecutor had an improper motive for declining to file a motion for a downward departure." *United States v. Fields*, 512 F.3d 1009, 1011 (8th Cir. 2008). Richardson has not made that showing.

B. *Ineffective Assistance of Counsel*

Next, Richardson argues that his trial counsel ignored his wishes to "vigorously" argue against the disputed crack-powder cocaine ratio, failed to make an adequate record, and failed to preserve his right to a sentence based upon the then forthcoming changes to the crack-powder ratio. Richardson submits that this constitutes ineffective assistance of counsel.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (internal quotation, alteration, and citation omitted). "To establish a claim of ineffective assistance . . . a claimant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *Wajda v. United States*, 64 F.3d 385, 387 (8th Cir. 1995) (internal quotations and citation omitted).

"We have stated time and again that ineffective assistance claims are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1105 (8th Cir. 1999). Richardson makes no convincing argument that this case presents an exception to our general rule. We therefore decline to review his ineffective assistance of counsel arguments.

III. *Conclusion*

We affirm.

_____