# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3307

_____

United States of America

*Plaintiff - Appellee*

v.

Carl Marquis Maddox

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: December 3, 2019
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM

Carl Marquis Maddox pleaded guilty to possession with the intent to distribute 100 grams or more of a mixture or substance containing heroin and some quantity of

cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] sentenced him to 144 months' imprisonment. We affirm.

To begin, we decline to consider Maddox's argument that his guilty plea was involuntary because he did not move to withdraw his plea while in the district court. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (holding that involuntary plea claim must be presented first to a district court to be cognizable on direct appeal). We also decline to consider Maddox's ineffective assistance of counsel claim on direct appeal. See United States v. Looking Cloud 419 F.3d 781, 788-89 (8th Cir. 2005) ("We will not consider ineffective assistance of counsel claims on direct appeal except in 'exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice.'" (quoting United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998))).

Maddox also argues that the district court erred in failing to conduct a hearing regarding the government's refusal to file a substantial assistance motion under U.S. Sentencing Guidelines § 5K1.1. He asserts that he provided substantial assistance to the government by proffering on three occasions. Maddox mentioned his assistance at sentencing and in a letter to the court, but he did not request a hearing nor move to compel the government to file a substantial assistance motion.

"A district court can review the government's decision not to file a substantial assistance motion only if a defendant has made a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end, such as when its decision was made in bad faith." United States v. Hart, 397 F.3d 643, 646 (8th Cir. 2005) (quoting United States

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

v. McClure, 338 F.3d 847, 850 (8th Cir. 2003)). Maddox presented no evidence to support the claim that he had provided substantial assistance to the government. His mere assertion that he fully cooperated does not meet the substantial threshold showing of bad faith. See United States v. Zeaiter, 891 F.3d 1114, 1126 (8th Cir. 2018) ("[Defendant] is not entitled to relief or a hearing based on his mere assertions."). The district court thus was not required to conduct a hearing regarding the government's decision not to file a substantial assistance motion.

The judgment is affirmed.

_____