# IN THE COURT OF APPEALS OF IOWA

No. 21-1079
Filed August 17, 2022

**GLENN ROBERT WEBSTER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


A prisoner appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Jeremy L. Merrill of Merrill Law, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.


Considered by Tabor, P.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**TABOR, Presiding Judge.**

A jury convicted Glenn Webster of possessing methamphetamine with intent to deliver, second offense, as a habitual offender and failing to attach a tax stamp. On direct appeal, we affirmed the district court's denial of his pretrial motion to dismiss because the motion was untimely. He then applied for postconviction relief (PCR), alleging trial counsel was ineffective for not asking the district court to find good cause for his late filing of the motion to dismiss. The PCR court found no prejudice from counsel's performance. In this PCR appeal, Webster challenges that finding. Because we agree Webster failed to show a reasonable probability of a different outcome had counsel handled the motion differently, we affirm.

To set the stage, here's a brief history of Webster's criminal case. In November 2015, a narcotics task force executed a search warrant at Webster's apartment. Officers seized over nine grams of methamphetamine. What followed was a cooperation agreement with the State. Webster agreed to plead guilty to methamphetamine possession as a second offender and to name and contact individuals involved in drug trafficking to help the State develop "prosecutable cases" against them. In turn—if he provided "substantial assistance"—the State agreed not to file more charges and to consider his cooperation when making its sentencing recommendation. That agreement was renewed three times; then Webster stopped contacting law enforcement. When officers went to his house in August 2016, they discovered over twenty grams of methamphetamine.

Following that discovery, the State charged Webster by trial information with possession of methamphetamine with intent to deliver, second offense, as a habitual offender in connection with the November 2015 search. It also charged

him with three crimes based on the August 2016 encounter. The attorney appointed at Webster's arraignment, Trevor Anderson, did not seek to dismiss those charges or to suppress evidence. More than forty days later, the court allowed Anderson to withdraw and appointed F. Montgomery Brown as new counsel. Brown did move to dismiss and to suppress—though both motions were filed past the forty-day deadline in Iowa Rule of Criminal Procedure 2.11(4). The motion to dismiss contested the validity of the cooperation agreement. Piggy-backing off that premise, the motion to suppress challenged the evidence seized from Webster's home in August 2016. The State resisted both motions as untimely. After a hearing, the district court denied both motions on their merits. The case went to a jury trial, which ended with guilty verdicts on possession with intent to deliver and the tax stamp violation. The sentences were sixty and fifteen years, indeterminate terms, for each offense.

On direct appeal from those verdicts, Webster challenged the order denying his motion to dismiss. Rather than considering the merits, we affirmed the denial because "the motion was filed more than forty days after arraignment and good cause for the delay was not argued, let alone established." *State v. Webster*, No. 17-1417, 2018 WL 6707703, at *2 (Iowa Ct. App. Dec. 19, 2018).

Moving to PCR proceedings, Webster alleged that attorney Anderson was ineffective in not moving to dismiss or to suppress within forty days of arraignment. And he alleged that attorney Brown was ineffective in not asserting good cause for untimely filing those motions after his appointment. On that second point, Webster testified at the PCR hearing that if Brown had done so, and received leave to file late motions, our court would have reviewed the merits and granted relief.

The PCR court rejected his claims:

> [A]s noted by the Court of Appeals on direct appeal, the district court ruled on the merits of the motion. Webster has failed to show how he suffered prejudice on the timeliness issue when the district court did not bar his filings for being untimely.
>
> Even so, he asserts that if the motions were timely filed, the Court of Appeals would have found the motions were wrongly decided instead of resting on the timeliness issue. Webster does not articulate *how* the district court decided his case wrong, just that [it] did. There is no error in the ruling on the motions which has been identified in this case.

Webster appeals the denial of relief, alleging attorney Brown was ineffective in not seeking a good-cause finding to allow the late filing of the motions.

Our review of his ineffective-assistance claim is de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). To prevail on his claim, Webster must show both that his attorney failed to perform an essential duty and that subpar performance caused him prejudice. *See State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006). Prejudice means it was reasonably probable that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[1] *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

We start by narrowing the issue. In his brief, Webster discusses both the motion to dismiss and the motion to suppress. But we are only concerned with the

---

[1] Webster argues for the first time on appeal that he does not have to show *Strickland* prejudice because the fact that our court did not reach the merits of the untimely motion on direct appeal showed per se prejudice. *See Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) (contentions not raised in the district court are waived). Setting aside error preservation, we disagree. It is not enough to show that we would have reached the merits. He must show that he would have won on the merits. *Cf. State v. Davis*, 951 N.W.2d 8, 16 (Iowa 2020) (applying *Strickland* prejudice to failure to object to jury instruction).

motion to dismiss. The motion to suppress targeted evidence seized without a warrant in August 2016. The convictions being challenged here relate to his methamphetamine possession in November 2015.

Turning to the motion to dismiss, we are not convinced that attorney Brown could have shown good cause to extend the forty-day deadline. Webster acknowledges that he was represented by counsel for "the entirety of his case." So the appointment of new counsel more than forty days after arraignment does not supply good cause for a late filing. *See State v. Bursell*, No. 03–0023, 2004 WL 57654, at *1 (Iowa Ct. App. Jan. 14, 2004) (reversing good-cause finding because Bursell had counsel after arraignment and offered no other reason for late filing). Webster offers no evidence that would qualify as good cause for why Anderson failed to move for dismissal. Without that explanation, Webster cannot show a good-cause motion would have succeeded.

Even if we overlook that hurdle, Webster did not flesh out for the PCR court what he believed the criminal trial court got wrong in denying his motion to dismiss. On direct appeal, Webster argued that the district court erred in rejecting two arguments: (1) that the cooperation agreement was void as a contract of adhesion and (2) that the State should have been equitably estopped from enforcing the agreement. Yet he did not reprise those arguments in the PCR proceeding. True, he resurrects them in this appeal. But that resurrection is too late to preserve error. *See Metz*, 581 N.W.2d at 600. By making no effort to show that his arguments for dismissal were meritorious, Webster failed to show the reasonable probability of a different outcome.

Finally, even if Webster had offered the PCR court fully developed arguments, it would not have found prejudice. That's because the district court properly rejected the contract-of-cohesion and equitable-estoppel grounds before his criminal trial. Bottom line, neither argument merits relief.

On the first ground, Webster fails to show the cooperation agreement was a contract of adhesion. *See United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003). In most cases, a contract of adhesion appears as "[a] standard-form contract prepared by one party, to be signed by another party in a weaker position, usually a consumer, who adheres to the contract with little choice about the terms." *State v. Hauge*, 973 N.W.2d 453, 475 (Iowa 2022) (Appel, J., dissenting) (citations omitted). If terms in a contract of adhesion are unfair, oppressive, or unconscionable, courts should not enforce them. *Id.* Granted, the prosecutor drafted the cooperation agreement and had more bargaining power than Webster did. But Webster did not have to enter the agreement. *See McClure*, 338 F.3d at 850. He was free to hold out for better terms or proceed to trial or plead guilty without an agreement. *Id.* Even if he perceived its terms as one-sided, Webster offers no authority for dismissing his prosecution based on the cooperation agreement. Webster would not have won a reversal on direct appeal. Thus, no prejudice resulted from counsel's failure to seek a good-cause finding.

On the second ground, Webster fails to prove the State was equitably estopped from prosecuting him. A bit of context. In moving to dismiss, Webster claimed that Des Moines police officer John Scarlett misled him into thinking that, by assisting with one or more prosecutable cases, he could "work it down to

nothing" and "walk away" with no criminal liability. And if he had not been so misled, Webster claims he would not have cooperated with law enforcement.

Assuming the common law doctrine of equitable estoppel applied in a criminal context, the district court listed the four elements Webster had to prove: (1) the State misrepresented material facts; (2) Webster lacked knowledge of the true facts; (3) the State intended Webster to act on its misrepresentations; and (4) Webster indeed relied on such misrepresentations to his prejudice. *See McKee v. Isle of Capri Casinos, Inc.,* 864 N.W.2d 518, 531 (Iowa 2015). In the court's view, Webster established none of those elements. The court did not believe that Officer Scarlett misled Webster or that Webster did not understand that the State had only promised to review his cooperation when making a sentencing recommendation. The court also found no proof that the State intended that Webster rely on false information or that he did so to his prejudice.

We agree with the district court's reasoning. The equitable estoppel argument would not have prompted us to reverse on direct appeal. Thus, as with the contract-of-adhesion ground, no prejudice resulted from counsel's failure to seek a good-cause finding when moving to dismiss.

Unable to prove prejudice from attorney Brown's performance, Webster cannot prevail on his claim of ineffective assistance of counsel. The PCR court was correct in denying his petition.

**AFFIRMED.**